OPINION OF THE
Hon. A. MONTGOMERY.
This is an appeal from the Madison county circuit court, taken from the judgment of the court in awarding a peremptory mandamus to the county court of Madison county, commanding them to levy a tax to satisfy the plaintiff’s claim to the amount of $805.03, for work done by the piaintiffs on the court house, at Madisonville, in said county.
It appears, from the papers, that the plaintiffs ^contracted with certain commissioners appointed by act of Assembly of 1828; see pages 18 and 19, to build a court house for $1,535; and gave a bond in the penalty of $3,000, conditioned to complete the building in a particular manner, in a limited time. The statute under which this contract was made, authorizes and requires the county court to levy a tax not exceeding the state tax, to defray the expense of erecting the court house and jail, which tax, when collected, should be paid over to the county court, orto the undertaker, on the certificate of the commissioners that the work has been completed. There is no other provision in this statute for paying the undertakers the whole, or any part of the amount contracted to be paid for the building.
Before the undertakers had finished their building according to contract, the legislature repealed this statute, and provided for the election of commissioners to fix on a scite for a seat of justice in Madison county, and contract for public buildings. When this last mentioned act was passed, the plaintiffs ceased working on the court house, and petitioned the county court to allow them a compensation for the work which they had done but the county court considering this was not a legal claim on the county, *524 refused to take jurisdiction, and rejected the petition. Upon the hearing of the motion, the court granted a peremptory mandamus.
The jurisdiction of the circuit court to grant a writ of mandamus to the county court, when there is no other legal remedy, cannot be questioned, and it only remains to be determined whether this case presents a proper ground for the exercise of so extraordinary a power.
When an inferior tribunal has a discretion, and proceeds to exercise it,, this court has no jurisdiction to control that discretion by a writ of mandamus, consequently the court below erred in granting a peremptory mandamus, commanding the county court to levy a tax for a specific sum of money; as the amount to be allowed the plaintiffs for the services rendered, is to be determined by the judicial discretion of the county coust?. upon a full hearing of the proofs introduced. If the commissioners appointed by the act of 1828 had certified that the work had been completed, and that they had agreed to allow a specific sum therefor, the county court would have had. no discretion, but must have levied a tax adequate to the discharge of the whole sum; but the undertakers having failed to complete the court house previous to the repeal of the law by which the commissioners were empowered to act, their authority was discontinued, and every thing they could subsequently have done, in relation to this matter, could not bind the-county^ But, by the statute of 1829; seepages 87, 89, the county court is empowered to settle and allow all claims against the county, for services performed. This service having been performed previous to the passage of this last mentioned statute, certainly constituted such a claim on the- county as was entitled to allowance.
The return of the county court is. evasive and argumentative, but enough can be gathered from it to satisfy us that they refused this claim on a mistaken view of their jurisdiction and duty, and noton an investigation of the substantial merits; and having failed to act on the merits of the petition presented',, we deem it our duty to command them strictly to audit the claim, and allow whatever may be reasonable and right.
The first reason-offered by the county court, for refusing to allow this •claim, is, that thé contract, under which said labor was performed, was not made in accordance with the. act of Assembly, in considering this objection, we are at a loss to conceive in what particular the contract *525 parts from the directions of the statute. By the sixth section, the commissioners are named, and expressly authorized to contract for building a courthouse and jail, and by the written contract, it appears‘hat a majority of the commissioners were acting, and agreed in making fue contract, which was sufficient, and has always been held sufficient in cases of public agents, though, in cases of private agents, unless a less number are expressly authorized, all must join to bind the principal.
The second reason offered is, that “the sanction of the county court was never given to the contract.” In answer to this, we have only to say their sanction was not necessary, and would have been nugatory, if given.
The third reason is, that “the contract being entire for the erection of the court house, for a specified sum of money, and not to labor thereon and receive quantum, meruit for what they did, they have not complied therewith on the part of the commissioners.” If this means any thing, it must be sought for elsewhere than in the words, as the commissioners had nothing to do but make the contract and certify to the fact of its completion.— When finished, they cannot be impeached with a neglect of their duty, until the work has been completed; but, probably, the county court intended to use the word undertakers instead of commissioneri; if so, the sense is plain, but the reason is none the stronger. The undertakers were prevented from completing their part of the con tract by the act of the other party; the commissioners having advised them of the propriety of suspending the work after the repeal of the law under which they were acting; and the county, certainly, has no reason to complain of the failure to comply with the contract, as it would only have increased the amount, without being of any utility. But the the repeal of the law was a virtual de-structionof the contract made under it, and the undertakers had a right, when the contract was broken up, by the other party, to claim a compensation for the services they had rendered.
The fourth reason is that “the court not being bound to incur the expense of the appraisement of the labor; the petitioners have never adduced legal testimony to show to the court, when sitting, that they wanted any.” ‘This excuse is frivolous and unbecoming the dignity of a judicial tribunal: ¡they ought to hear the evidence of witnesses produced to prove the value *526 of the work and materials, and be governed by the opinion of men skilled in the trade, as to its quality and value.
The fifth reason is, that the time for levying the tax has long since expired, and ¿he court have no power to levy. In answer to this reason, it is only necessary to say that the power, in the county court, to allow claims against the county, implies a power to levy a tax for their liquidation j and the power to provide for, and settle this claim, is clearly embraced within the ninth section of the act of 1829, (see page 87.) Having ex amined all the reasons given by the county court, for refusing to settle this claim, lam satisfied a mandamus should issue, to compel the county court to act; but we have no jurisdiction to prescribe the mode, or extent, to which they shall allow the claim.
The judgment of the court below being erroneous, throws on this court the duty of correcting, and rendering such judgment, as the court below should have rendered. It is therefore ordered and adjudged by the court now here, that a mandamus do issue to the judges of the county court of Madison county, commanding them, without delay, to provide for and settle the claim of the petitioners, and to levy a tax, agreeably to law, for the payment of the sum they may allow on said claim, and that the appel-lees pay the costs of this court, to be taxed by the clerk.